FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 07 2012

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

LESLIE BELEW, R.N. §
 §
vs. § C.A. No. 4:12 cv 700 DPM-JTR
 §
PHYSICIAN REVIEW SERVICES, §
INC., FRANK PERETTI, M.D. and §
CHAS PETERSON §

COMPLAINT

TO OUR HONORABLE JUDGE OF SAID COURT:

This case assigned to District Judge Marshall
and to Magistrate Judge Ray

Plaintiff, Leslie Belew, R.N. files this complaint against Defendants, Physician Review Services, Inc., Frank Peretti, M.D. and Chas Peterson, herein, and would respectfully show the following:

PARTIES

1.1   Leslie Belew, R.N. ("Belew") is an individual and resident of Lubbock, Lubbock County, Texas. At all times material to this complaint she was such a resident.

1.2   Physician Review Services, Inc. ("P.R.S.I.") is an Arkansas Corporation. It may be served by serving its registered agent for service, J.R. Baber, 14512 Honey Bear Drive, Little Rock, Arkansas 72223. P.R.S.I. also operates under fictitious names of Baber Medical Review Services and Baber MRO Services, both believed to be a business assumed name for James R. Baber.

1.3   Frank Peretti, M.D.(Peretti) is a physician, believed to be employed by "P.R.S.I." as a medical review officer (MRO). He may be served at his place of business located at: P.R.S.I., #1 Innwood Circle, Suite 202, Little Rock, Arkansas 72211.

1.4   Chas Peterson (Peterson) is, on information and belief, an agent, servant, or employee of

"P.R.S.I." employed as a medical review assistant (MRA). She may be served at her place of business located at P.R.S.I., #1 Innwood Circle, Suite 202, Little Rock, Arkansas 72211.

## VENUE AND JURISDICTION

2.1     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1332(a) as this is a suit between citizens of different states and involves a dispute that results in an amount in controversy exceeding the sum of $125,000.00, exclusive of interest and costs.

2.2     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) as all Defendants reside within this judicial district.

## FACTS OF THE COMPLAINT

3.1     Leslie Belew, R.N. was a registered nurse in Lubbock, Lubbock County, Texas. She applied for, interviewed with, and was offered a position as a nurse on the MICU by Covenant Health Systems, Lubbock, Texas. On November 8, 2010 she submitted a urine specimen for a pre-employment drug testing to Covenant Health Systems Employee Health Services (CHSEHS) in Lubbock, Texas. As per the procedure between CHSEHS and S.E.D.Laboratories (S.E.D.) in Alburquerque, New Mexico, the specimen once collected by CHSEHS was to be sent to S.E.D. for testing/analysis. In the event of a positive test the specimen was to be sent to Defendant Peretti for review. The final results were then reported back to Covenant Health Systems.

3.2     On November 15, 2010 Belew contacted CHSEHS to inquire as to when she could begin hospital orientation. She was told to speak to a supervisor who in turn told her she needed to call a medical review officer (MRO) and was given a phone number to call. She called immediately. A female answered the phone number Belew was given to call and informed Belew that she had tested positive for amphetamines/methamphetamines. Belew was asked by the female if she was

Case 4:12-cv-00700-DPM   Document 1   Filed 11/07/12   Page 3 of 6

taking any medications. Belew informed the female with whom she was speaking that she was taking the following: Vytorin (cholesterol-lowering). Selegiline (MAOI, anti-depressant), Benadryl (anti-histamine) and Mucinex (Expectorant). Belew was told by the female that none of these would result in a positive test and that the positive test would be reported. Belew was not offered any further information; was not advised to provide a prescription; and was not offered an opportunity to speak to anyone else including, but not limited to a MRO.

3.3     On information and belief, after Covenant collected the urine sample from Belew on November 8, 2010, it was forwarded to S.E.D. Medical Laboratories in Albuquerque, New Mexico where it was received on November 9, 2010. It was tested at S.E.D. and found to be positive for amphetamies/methamphetamines. The sample was requested for GC/MS confirmation on November 9, 2010 and aliquoted for GC/MS confirmation on November 9, 2010. On November 10, 2010, the confirmation aliquot was extracted and derivatized and analyzed by GC/MS. Again, the amphetamine/methamphetamine findings were confirmed. The results were certified and the results released on November 13, 2010 by Walter Blackwell, a S.E.D. toxicologist. On November 15, 2010 Defendant Frank Peretti, M.D. requested an aloquit be sent to Quest in Lenexa, Kansas for retesting. It was shipped out November 16, 2010 by FedEx. It was received by Quest in Kansas on November 17, 2010 where it again was positive for both amphetamines/methamphetamines. The retest results were faxed back to S.E.D. in Alburquerque, New Mexico on the evening of November 18, 2010. The retest results were sent to Covenant Health Systems on November 19, 2010. Sometime between November 13, 2010 and November 15, 2010, Defendant Peretti made the determination that the positive amphetamine/methamphetamine tests were valid and reported the same to Covenant Health Systems.

## CAUSES OF ACTION

4.1     On information and belief, Defendant Frank Peretti, M.D., was the MRO responsible for reviewing the positive urine sample submitted by S.E.D. for review by P.R.S.I. to determine among other things whether the positive result of amphetamines/methamphetamines could be the result of another agent/drug causing it to be a "false positive". Defendant Peretti was negligent in failing to determine that the prescription drug Selegiline was the cause of the urine test being reported as positive for amphethamines/methamphetamines. Selegiline is known to cause such a "false positive" result.  A reasonably prudent MRO under the same or similar circumstances should have caught such a connection between the positive urine test and Belew's history of taking Silegiline. A failure to catch such a connection and undertake the steps to confirm the same and thereby overturn the false urine result was negligence and a proximate cause of damages to Belew. Further, he was negligent in failing to inform Belew of the procedures to appeal such findings. Additionally, he was negligent in failing to supervise his medical review assistant, Chas Peterson, in her work and communications with Belew. Each of these act(s) and/or omission(s) was a proximate cause of damage to Belew.

4.2     On information and belief Defendant Peterson acted with Defendant Peretti and/or on his behalf as a medical review assistant (MRA) in performing the review of the positive urine test result of Belew. On information and belief Peterson may have been the female with whom Belew spoke by telephone when first advised of the positive result of her urine specimen. In that conversation Belew was questioned by Peterson what specific drug(s)/prescription(s) she was taking at the time of her urine test. This questioning was presumably to determine if a prescription was responsible for the positive test result. Peterson, after being advised by Belew that she had been prescribed and was taking Selegiline, mistakenly advised Belew that it would

not cause a false positive. A reasonably prudent MRA acting under the same or similar circumstances should have known that Selegiline does cause a false positive on urine testing. Further, Peterson failed to offer Belew other options related to further testing and submission of the Selegiline prescription for verification with her pharmacist and prescribing physician. Peterson, as a reasonably prudent MRA acting under these circumstances should have known that she was to offer Belew the options that she did not. Each of these act(s) and/or omission(s) was negligence and a proximate cause of Belew's damages. As such, she was negligent in failing to catch the connection between Selegiline and the positive urine result of amphetamine/methamphetamines and to either inform Peretti of same and/or take the necessary steps to confirm the same and thereby overturn the false positive urine result. Each of these act(s) and/or omission(s) by Peterson was negligence and a proximate cause of damages to Belew.

4.3 At all times material to the claims of Belew herein, Defendant Peretti and Defendant Peterson were acting as agents, apparent agents, servants, and/or employees of P.R.S.I. also known through fictitious names as Baber Medical Review Services and/or Baber MRO Services. As such, P.R.S.I. is vicariously liable for their act(s) and/or omission(s) under agency and/or respondeat superior law.

## DAMAGES

5.1 Belew, as a result of the urine test being reported to Covenant wrongly as positive for amphethamines/methamphetamines, lost her job with Covenant Hospital and, with the positive drug test a part of her nursing record, lost additional employment for almost two years. She sustained damage to her reputation, mental anguish, incurred consequential damages necessary to overturn the test results and, in addition to the aforementioned lost wages, has sustained a loss of wage earning capacity, having been delayed two (2) years on her career path to become a nurse

practitioner or physician's assistant.

## PRAYER

Wherefore, Belew requests that Defendants be cited to appear and answer, and that a final trial she recover:

1. All compensatory damages allowed by law;

2. Her costs expended;

3. All pre and post-judgment interest as allowed by law; and

4. Such other and further relief to which she may be justly entitled.

Respectfully Submitted,

*Jim Jackson*

Jim Jackson, Attorney at Law
Arkansas Bar No. 93209
Jackson Law Firm
One Union National Plaza
124 West Capitol Avenue, Suite 870
Little Rock, Arkansas 72201-3704
(501) 823-3610
(501) 823-3611 (Fax)

James N. Francis
LAW OFFICES OF JAMES N. FRANCIS
4315 W. Lovers Lane
Dallas, Texas 75209
214/368-1765 [Telephone]
214/350-2142 [Facsimile]
jimnfrancis@aol.net

S/S. James N. Francis
James N. Francis
State Bar No. 07358200